## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**AUGUSTA MCKENZIE, #02766**                                                    **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 2:07-cv-95-KS-MTP**

**RONALD KING, et al.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff McKenzie, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the South Mississippi Correctional Institute (SMCI), Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Ronald King, Superintendent of SMCI; Johnny Denmark, Warden at SMCI; and Christopher Epps, Commissioner of MDOC.

In the Plaintiff's complaint he alleges that he was denied visitation with his mother because she had been banned from visitation at SMCI by Superintendent King. *Comp*. [1], p.4. Along with the Plaintiff's complaint he submitted a copy of his certificate of completion from the MDOC Administrative Remedy Program (ARP). The certificate states that it has been over three years since the "suspension of Mrs. McKenzie" and the Superintendent has "no problem reinstating her when she files the proper paper work for reinstatement." In light of this information, the Court entered an order [6] which stated that it appeared Plaintiff's claims were moot and in addition, the order advised the Plaintiff that he does not have a constitutional right to visitation. The order directed the Plaintiff to show cause why this case should not be dismissed or file a notice of voluntary dismissal. On July 19, 2007, the Plaintiff filed his response to the order in the form of a Motion to Show Cause [7]. In this

pleading, Plaintiff maintains that his rights are being violated because his mother has never been banned from SMCI or any other facility and Superintendent King has him confused with someone else. The Plaintiff complains that this inaccurate information and resulting actions of the defendants not only violates his constitutional rights and MDOC policy but also defames his mother. The Plaintiff requests that this Court order the Defendants to transfer him to another facility and award him monetary damages. *Comp.* [1], p.4.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action fails to state a claim on which relief may be granted.

The Plaintiff simply does not have a constitutionally protected right to visitation under the First Amendment. *Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985). Additionally, this court has determined that the Plaintiff's denial of visitation did not impose an atypical, significant deprivation in relation to the ordinary incidents of prison life as necessary to invoke the protections of the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104

F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *see also Bulger v. United States*, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits); *see also Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoners do not have a constitutional right to contact visits).

 The Plaintiff also complains that MDOC policy and procedure was violated when his mother was banned from visiting with him in prison.  This allegation, without more, simply does not rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 2006 WL 3794356, at *1 (5th Cir. Dec. 19, 2006)("A violation of prison regulations, without more, does not give rise to a federal constitutional violation.") citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986).  "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."  *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996);  *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995);  *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir.1986).

 Likewise, it is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996);  *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir.1997).  Furthermore, the

Plaintiff has no standing to bring an action pursuant to 42 U.S.C. § 1983 on behalf of someone else. The constitutional rights of his mother are personal in nature and, therefore, the Plaintiff can not maintain this complaint on behalf of his mother. *Coon v. Ledbetter*, 780 F. 2d 1158, 1160 (5th Cir. 1986).

## CONCLUSION

In sum, the Plaintiff does not have a constitutional right to certain privileges, including visitation and the transfer to a facility of his choosing, while in prison. Therefore, since the Plaintiff has failed to state a claim upon which relief may be granted, this complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[1]  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 30th day of August, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."